THOMPSON, Presiding Judge,
concurring in the result.
The allegations set forth in Robert Cooking’s complaint, if proven, would indicate that he suffers from post-traumatic stress disorder (“PTSD”) and that the disorder is directly attributable to emotional trauma he experienced while he was on the job as a firefighter for the City of Montgomery. If Cocking also had received a physical injury, it is possible that his PTSD would be compensable. However, in the context of workers’ compensation statutes, the Alabama Legislature has explicitly excluded from the definition of “injury” “a mental disorder or mental injury that has neither been produced nor been proximately caused by some physical injury to the body.” § 25-5-1(9), Ala.Code 1975.
Because of the manner in which “injury” is defined in § 25-5-1(9), I must conclude that purely mental diseases such as Cooking's PTSD are not currently compensable, and this court has no alternative but to affirm the trial court’s summary judgment in favor of the City of Montgomery. Accordingly, I concur in the result reached by the main opinion.